IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JOHNSON,<br>        Plaintiff,<br><br>    v.<br><br>CLIFFORD HARRIS,<br>        Defendant. | Civil Action No. 18-610<br>Judge Nora Barry Fischer |

**ORDER OF COURT**

AND NOW, this 11th day of May, 2018, upon consideration of the Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Asia Johnson, (Docket No. [1]), and the accompanying Complaint,

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Asia Johnson ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) as this action is frivolous and for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim

under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff", *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

At the outset, it appears to the Court that this is one of several lawsuits that Plaintiff Asia Johnson has attempted to pursue against numerous individuals in the public eye in recent months utilizing *in forma paueris* status. To this end, the Hon. Arthur J. Schwab has dismissed suits brought against Jacob Rothschild and Queen Elizabeth as frivolous and denied her motion for *in forma pauperis*, as moot.[1] *See Johnson v. Rothschild*, Civ. A. Nos. 18-495, Docket No. 2 (W.D. Pa. Apr. 19, 2018) and *Johnson v. Queen Elizabeth*, Civ. A. No. 18-611, Docket No. 2 (W.D. Pa. May 10, 2018). The present action is purportedly brought against Clifford "T.I." Harris, who the Court understands is a famous musician. Plaintiff has separately filed *in forma pauperis* petitions seeking to initiate lawsuits against other musicians including Beyonce Knowles Carter (Civ. A. No. 18-447); Rihanna (Civ. A. No. 18-448); and, Young Money (Civ. A. No. 605).

---

[1] This Court likewise dismissed Plaintiff's lawsuit against Children Family and Youth wherein she attempted to represent a minor child. *See* Civ. A. No. 18-444.

With respect to the instant case, the entirety of Plaintiff's allegations against Mr. Harris state the following:

> Roc Nation members took parts of my copywritten work I exposed Ti on facebook for taking parts of my work and helping Andrew Irvin fake his death after they stole from me. He and Andrew was family he got paid for my stolen work to ti and babe e from young money been having local music groups harass me 2 days ago they put the gun beam on my mouth as I was talking on facebook than last night ti confirmed it and told me I better watch my mouth.

The relief requested is simply "I just want it to stop."

In this Court's estimation, Plaintiff's rambling and incoherent Complaint lacks arguable merit in fact or law, making it frivolous and subject to dismissal. *Brookins v. Cty. of Allegheny*, 350 F. App'x 639, 642 (3d Cir. 2009) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations omitted)) ("A court may discredit allegations that are 'fanciful, fantastic, and delusional' and thus may dismiss a complaint as factually frivolous when the facts alleged 'rise to the level of the irrational or wholly incredible.'"). Additionally, insofar as Plaintiff is attempting to sue Mr. Harris for copyright infringement, a type of claim over which this Court has original jurisdiction, *see Reed Elsevier, Inc. v. Muchnick*, ––– U.S. –––, 130 S.Ct. 1237, 1241–42, 176 L.Ed.2d 18 (2010), she has not identified any specific work and has not pled that such work has been registered with the U.S. Copyright Office, which is a necessary prerequisite to initiating a lawsuit for copyright infringement. *See* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see also Dawes-Lloyd v. Publish Am., LLLP*, 441 F. App'x 956, 957 (3d Cir. 2011) ("An action for infringement of a copyright may not be brought until the copyright is registered."). Further, Plaintiff has not met her burden to demonstrate that this Court has subject matter

jurisdiction over any state law claims against Mr. Harris because, although the parties are diverse, (Plaintiff is a Pennsylvania citizen and Mr. Harris is a Georgia citizen), she has not pled that the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States"). Hence, any such claims would also be subject to dismissal for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

For all of these reasons, this matter is DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this action CLOSED.

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> United States District Judge

cc:  Asia Johnson
     1807 West Street
     Munhall, PA 15120
     (by regular first class mail)